[828 NYS2d 434]

In the Matter of Donald Roth (Admitted as Donald Richard Roth, Jr.), a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, December 26, 2006

#### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Dianne M. Saccone* of counsel), for petitioner.

*Miller, Weiner & Associates*, Kingston (*Cappy Weiner* of counsel), for respondent.

#### OPINION OF THE COURT

Per Curiam.

The Grievance Committee has informed the respondent that evidence of professional misconduct has been adduced by its ongoing investigation and that charges based on the following allegations would be prosecuted in a disciplinary proceeding to be recommended to the Appellate Division. The respondent admits that he was found guilty on or about February 13, 2004, after trial in the United States District Court, Southern District of New York, of one count of the federal felony of conspiracy to commit witness tampering and obstruction of justice. He was sentenced on or about April 15, 2005, to a period of 60 months incarceration and, upon release, supervised release of a period of three years, as well as payment of a fine in the sum of $10,000. His conviction is currently the subject of an appeal and execution of his sentence has been stayed.

Pursuant to this Court's order dated December 7, 2005, the respondent was served with a petition dated January 3, 2006, charging him with engaging in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent served an answer dated January 23, 2006. He now acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges which were initiated against him.

The respondent avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with

his attorney and others whose advice and counsel he respects and is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the rules of the Second Department from seeking reinstatement for at least seven years.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection. He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the respondent's resignation complies with all pertinent Court rules, it is accepted, and, effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and LUNN, JJ., concur.

Ordered that the resignation of Donald Roth, admitted as Donald Richard Roth, Jr., is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald Roth, admitted as Donald Richard Roth, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent Donald Roth, admitted as Donald Richard Roth, Jr., shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald Roth, admitted as Donald Richard Roth, Jr., is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Donald Roth, admitted as Donald Richard Roth, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated December 7, 2005, is discontinued.